IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MOBILE DRUG SCREENING, LLC; and TIMOTHY MACKEY, <br><br> Defendants. | CIVIL ACTION NO.: 4:24-cv-094 |

**O R D E R**

The Court **GRANTS** the Motion for Summary Judgment of Plaintiff Owners Insurance Company, (doc. 39).[1]

**BACKGROUND**

In this lawsuit, Owners Insurance Company ("Owners") seeks declaratory judgment that it has no duty to defend Defendant Mobile Drug Screening, LLC ("Mobile Drug Screening") in an underlying lawsuit styled <u>Timothy Mackey v. Mobile Drug Screening LLC</u>, Civil Action File No. SPCV24-00102, pending in the Superior Court of Chatham County, Georgia ("the Underlying Action"). (Doc. 1-2.) In the Underlying Action, Timothy Mackey claims that he tripped and fell out of a drug screening facility, which he claims Mobile Drug Screening operated out of a Nissan NV cargo van. (<u>Id.</u> at pp. 2–3.) Mobile Drug Screening's van was covered by a Commercial Auto Insurance Policy ("the Insurance Policy") issued by Owners. (<u>See</u> doc. 1-3.) However, Owners

---

[1] Because the Court is granting Plaintiff's Motion for Summary Judgment on all claims, it need not address Owners' Motion for Default Judgment as to Mobile Drug Screening, LLC. <u>See</u> <u>Am. Serv. Ins. Co., Inc. v. Webber's Transp., LLC</u>, No. 4:20-CV-013, 2022 WL 3702059, at *1 n.2 (S.D. Ga. Aug. 26, 2022). Thus, the Court **DENIES AS MOOT** the Motion for Default Judgment. (Doc. 40.)

contends it has no duty to defend or provide coverage in the Underlying Action under the terms of the Insurance Policy. (Doc. 21.)[2]

Owners served Mackey and Mobile Drug Screening with this lawsuit on May 5, 2024, and June 11, 2024, respectively. (Docs. 9, 11.) While Mackey answered Plaintiff's Complaint and Amended Complaint, Mobile Drug Screening did not answer or otherwise appear. Thus, on July 15, 2024, the Clerk of Court entered Mobile Drug Screening's default. (Doc. 13.) On February 17, 2025, Owners moved for summary judgment as to Mackey and default judgment as to Mobile Drug Screening. (Docs. 39, 40.) Mackey responded through counsel that, "after careful consideration, Defendant Timothy Mackey does not oppose Plaintiff's Motion for Summary Judgment." (Doc. 46.)

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law.'" FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). The moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact

---

[2] Owners filed its Amended Complaint on September 26, 2024, naming Hiscox, Inc., and Hiscox Dedicated Corporate Member Limited as parties. (Doc. 21.) The Amended Complaint included no new substantive allegations, nor any new claims against Mobile Drug Screening, and expressly incorporated Owners' initial Complaint. (Id.) The Hiscox entities have since been dismissed. (Doc. 37.)

2

and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge its burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove its case at trial. See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (citation and emphasis omitted). Additionally, the Court is not permitted to make credibility determinations, weigh conflicting evidence to resolve disputed facts, or assess the quality of the evidence. Reese v. Herbert, 527 F.3d 1253, 1271 (11th Cir. 2008).

## DISCUSSION

Because the Insurance Policy was issued in Georgia, Georgia law governs the Court's interpretation of the policy. Travelers Prop. Cas. Co. of Am. v. Moore, 763 F.3d 1265, 1270-71 (11th Cir. 2014). In Georgia, "[t]he construction of a contract is a question of law for the court." O.C.G.A. § 13-2-1. "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider,

3

endorsement, or application made a part of the policy." O.C.G.A. § 33-24-16. "[T]he parties to an insurance policy are bound by its plain and unambiguous terms." <u>Hays v. Ga. Farm Bureau Mut. Ins. Co.</u>, 722 S.E.2d 923, 925 (Ga. Ct. App. 2012) (citations and quotations omitted). "Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are not contrary to law, and it is equally free to insure against certain risks while excluding others." <u>Cont'l Cas. Co. v. H.S.I. Fin. Servs., Inc.</u>, 466 S.E.2d 4, 6 (Ga. 1996). "An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy." <u>Auto-Owners Ins. Co. v. State Farm Fire & Cas. Co.</u>, 678 S.E.2d 196, 199 (Ga. Ct. App. 2009) (citations and quotations omitted).

The Insurance Policy required Owners to "pay all sums [Mobile Drug Screening] legally must pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto** as an **auto**." (Doc. 1-3, p. 15.) Owners argues that it has no duty to defend or cover Mackey's claims because Mackey's claims did not arise out of the use of Mobile Drug Screening's van "as an auto." (Doc. 39, pp. 7–10.)

Georgia courts have repeatedly found insurance policies like the one here to not cover claims like those in the Underlying Action. <u>See, e.g.</u>, <u>Payne v. Twiggs Cnty. School Dist.</u>, 496 S.E.2d 690, 693 (Ga. 1998) (no coverage existed as to "use" of school bus when one student attacked another while on bus); <u>State Farm Mut. Auto. Ins. Co. v. Marshall</u>, 175 F. Supp. 3d 1377, 1384 (S.D. Ga. 2016) (no coverage for injuries resulting from owner of car attempting to physically restrain victim from driving car, which occurred within car). In <u>Wilkinson v. Georgia Farm Bureau Mutual Insurance Co.</u>, 833 S.E.2d 579 (Ga. Ct. App. 2019), the Georgia Court of Appeals addressed whether injuries the claimant suffered after she accidentally released the parking brake while inspecting the vehicle arose from the "use" of the vehicle. The court acknowledged that

4

whether an injury arose out of the use of a motor vehicle can be elusive but held that the term "use" of a motor vehicle "contemplates use of the motor vehicle *as a vehicle* at the time of the injury." Id. at 582 (citations and quotation omitted).  The question

> turns on consideration of (i) the physical proximity of the injury site to the vehicle, (ii) the nature of the conduct which caused the situation of jeopardy, and (iii) whether the vehicle was being utilized in the plain and ordinary sense of the word.

Id. (citations and quotation omitted).  Ultimately, the court found that claims arising from the vehicle inspection did not relate to use of the vehicle "as a vehicle" in the plain and ordinary sense, even if the first two prongs of the three-part test were satisfied.  Id. at 582-83.

Here, as Mackey apparently acknowledges, Mobile Drug Screening's van was not being used as a vehicle in the plain and ordinary sense of the word when Mackey allegedly fell.  Mackey admits that the van did not move as he entered it for his drug screening, that it did not move while he was inside, and that it did not move as he exited.  (Doc. 39-1, p. 2; see also doc. 46.)  In the Underlying Action, Mackey does not allege than anyone drove the vehicle negligently.  (See doc. 1-2.)  Rather, he contends that Mobile Drug Screening failed to place a handrail near the van's sliding door to ensure safe egress.  (Id. at pp. 2–3.)  Put simply, Mackey's claims in the Underlying Action arise from the use of the van as a drug testing center not as an auto.  Such claims unambiguously fall outside the Policy's coverage.

## CONCLUSION

The Court **GRANTS** Owners' Motion for Summary Judgment, (doc. 39), and **DENIES AS MOOT** Owners' Motion for Default Judgment, (doc. 40). The Court enters a Declaratory Judgment in Owners' favor declaring that no coverage is available under the Insurance Policy for the claims asserted in the Underlying Action. The Clerk of Court shall enter the appropriate judgment of dismissal and **CLOSE** this case.

**SO ORDERED**, this 14th day of July, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA